United States Court of Appeals
Fifth Circuit
**F I L E D**
June 2, 2009
Charles R. Fulbruge III
Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 08-50634
Summary Calendar

D.C. Docket No. 3:06-CR-1853-1

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

ARTURO ARZATE, JR.,

    Defendant - Appellant

Appeal from the United States District Court for the
Western District of Texas, El Paso

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the sentence imposed by the District Court is affirmed.

ISSUED AS MANDATE:  24 JUN 2009

A True Copy
Attest
24 JUN 2009
Clerk, U.S. Court of Appeals, Fifth Circuit
By: _____
Deputy

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-50634
Summary Calendar

UNITED STATES OF AMERICA

                Plaintiff-Appellee

v.

ARTURO ARZATE, JR

                Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1853-1

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Arturo Arzate, Jr., a former United States Border Patrol officer, appeals the 660-month sentence imposed by the district court following his guilty plea conviction for conspiracy to possess with intent to distribute over 500 grams of cocaine and two counts of bribery of a public official. Arzate argues that the district court erred in calculating the amount of drugs attributable to him and that the sentence imposed was unreasonable under the factors in 18 U.S.C. § 3553(a). He also asserts that the sentence imposed was not entitled to a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presumption of reasonableness, and he argues for the first time on appeal that there was no empirical evidence to support the guideline under which his sentence was calculated.

Pursuant to *Gall v. United States*, 128 S. Ct. 586 (2007), we engage in a bifurcated review process of the sentence imposed by the district court. *United States v. Delgado-Martinez*, No. 08-50439, __ F.3d __, 2009 WL 902390, at *1 (5th Cir. Apr. 6, 2009). First, we consider whether the district court committed "a significant procedural error," such as miscalculating the advisory guidelines range. *Id.* Remand is required if such an error occurred unless the proponent of the sentence establishes that "the error did not affect the district court's selection of the sentence imposed." *Id.* at *2 (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)). If there is no error or the error is harmless, this court may proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.* at *1-2.

We review the district court's determination of drug quantity for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). The district court based its determination of drug quantity on Arzate's admission that he had been allowing loads of drugs to pass through a border checkpoint for fifteen years. He admitted to having allowed loads of five to ten kilograms of cocaine to pass through the checkpoint for a man named Froylan Villanueva. The estimate that he allowed ten kilograms from Villanueva to pass through the checkpoint is not clearly erroneous. *See United States v. Davis*, 76 F.3d 82, 84-85 (5th Cir. 1996).

Arzate also admitted that he had been paid $3,000-$7,000 every three or four months by David Soto to allow drugs to pass through the border checkpoint and that this activity had occurred between 2001 and 2006. The district court's estimate that Arzate allowed 15 loads of drugs to pass through the checkpoint during this time frame also is supported. Although Arzate contends that his offense involved both marijuana and cocaine, the only transaction shown to have

2

involved marijuana is one that involved a cooperating witness. Arzate's admitted dealings with Soto and with Soto's partner involved cocaine. The one transaction with Soto to which Arzate specifically admitted involved Arzate's transportation of a load of 40.8 kilograms of cocaine across the border. Although this incident involved more active conduct by Arzate, he has not provided any evidence as to why this amount does not constitute a reliable estimate of the amount of cocaine contained in the other loads that were passed through the border on Soto's behalf. Arzate's contention that he was paid $1,000 a kilogram to allow drugs to pass through the border on someone else's behalf does not dispel the reliability of the district court's calculation. Using that figure, Arzate should have received at least $40,800 to drive the load containing 40.8 kilograms of cocaine through the border checkpoint. Instead, he received $14,000. Because the district court based its drug quantity calculation on the only type and quantity of drugs that Arzate admitted were transported across the border on Soto's behalf, the district court did not clearly err in estimating that Arzate's offense involved allowing 15 loads of 40.8 kilograms of cocaine to pass through the checkpoint. *See Betancourt*, 422 F.3d at 247-48.

Arzate also argues that the sentence imposed by the district court is unreasonable because it was greater than necessary to achieve the sentencing goals sent forth in 18 U.S.C. § 3553(a). He contends that he does not pose a danger to the public, that the 55-year sentence is not necessary for deterrence purposes since he is 48 years old and would be over 90 by the time of his release, and that a 15 to 30-year sentence would be sufficient to deter other criminals. He also contends for the first time on appeal that the sentence imposed by the district court is based on a guideline that lacks empirical support.

Because the district court imposed a sentence within the properly calculated guidelines range, it is presumptively reasonable, and this Court "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005); *see*

*Rita v. United States*, 127 S. Ct. 2456, 2462 (2007). Arzate's contention that his sentence is unreasonable because it is based on a guideline lacking empirical support is without merit. *See United States v. Mondragon-Santiago*, No. 07-41099, ___ F.3d ___, 2009 WL 782894, at *9 (5th Cir. Mar. 26, 2009). The district court rejected Arzate's request for a shorter sentence, determining that his offense was very serious, that he had harmed a number of people through his actions, that his offense conduct had occurred over the course of many years, and that it was important to deter other government agents from abusing their position of trust. Arzate has not shown that the sentence imposed was unreasonable. *See Mares*, 402 F.3d at 519; *United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

**AFFIRMED.**

A true copy
Attest:          2 4 JUN 2009
Clerk, U. S. Court of Appeals, Fifth Circuit
By _____
                    Deputy
New Orleans, Louisiana

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**CHARLES R. FULBRUGE III**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

June 24, 2009

Mr. William Putnicki
Western District of Texas, El Paso
United States District Court
511 E. San Antonio Street
Room 108
El Paso, TX 79901-0000

    No. 08-50634, USA v. Arzate
        USDC No. 3:06-CR-1853-1

Enclosed, for the Western District of Texas, El Paso only, is a copy of the judgment issued as the mandate.

Record/original papers/exhibits are returned: 1 Box; 1 Sealed Envelope.

The electronic copy of the record has been recycled.

                CHARLES R. FULBRUGE III, Clerk

                By: _/s/ Madeline Chigoy_
                Madeline K. Chigoy, Deputy Clerk
                504-310-7691

cc: (letter only)
    Mr. Henry Joseph Bemporad
    Ms. Elizabeth Berenguer
    Mr. Joseph H Gay Jr.
    Mr. Philip J Lynch
    Honorable Frank Montalvo

P.S. to Judge Montalvo: A copy of the opinion was sent to your office via email the day it was filed.

MDT-1